IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | |
|---|---|
| JESSIE JONES, III | § |
| VS. | §   CIVIL ACTION NO. 1:02cv673 |
| DIRECTOR, TDCJ-ID | § |

MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Jessie Jones, III, through counsel, filed the above-styled petition for writ of habeas corpus.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge concerning the petition. The magistrate judge recommends the petition be denied. The magistrate judge concluded that the ground for review in which petitioner asserted he received ineffective assistance of counsel because his attorney failed to advise him of his right to have the jury assess punishment was procedurally barred and that the remaining grounds for review were without merit.

Petitioner filed objections to the Report and Recommendation. Accordingly, the court must conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes the objections filed concerning the grounds for review the magistrate judge concluded were without merit are themselves without merit. In addition, for the reasons set forth below, the court is of the opinion that the objections concerning the ground for review the magistrate judge concluded was procedurally barred are without merit.

In his report, the magistrate judge stated petitioner did not present his assertion that he received ineffective assistance of counsel because counsel failed to inform him of his right to have the jury assess punishment until his second state application for writ of habeas corpus.  As the Texas Court of Criminal Appeals dismissed the second application as an abuse of the writ, the magistrate judge concluded petitioner was procedurally barred from asserting this ground for review in his federal petition.

As petitioner correctly points out, he did not wait until his second state application to assert the ground for review now under consideration.  Instead, he asserted this ground for review in a supplement to his first state application. Petitioner states that as the Court of Criminal Appeals denied his first state application on the findings of the trial court, and as the term "denied" indicates the first application was denied on the merits, he is not procedurally barred from asserting this ground for review in the current petition.

Petitioner's contention is without merit.  In Findings of Facts and Conclusions of Law made in connection with the first

state application, the state habeas judge stated, "Also, in regards to the supplemental application for writ of habeas corpus, the Court finds that it is a successive writ and therefore denied." Accordingly, when the Court of Criminal Appeals denied the first state application without written order on the findings of the trial court without a hearing, it was concluding that the claim set forth in the supplemental application for writ of habeas corpus was successive and therefore not subject to review under the Texas state abuse of the writ doctrine. As the Court of Criminal Appeals relied on a state procedural ground to deny the claim set forth in the supplemental application, review of such claim by this court is procedurally barred.

O R D E R

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered denying the petition.

**SIGNED** this the **16** day of **June, 2005.**

---
Thad Heartfield
United States District Judge

3